**In Re Anonymous No. 62 D.B. 81**

Disciplinary Board Docket No. 62 D. B. 81.

ELLIOTT, member, April 27, 1983 — Pursuant to Pennsylvania Rule of Disciplinary Enforcement 208(d), the Disciplinary Board of the Supreme

Court of Pennsylvania (Board) submits its findings and recommendations to your honorable court with respect to the above-captioned petition for discipline.

## I.  FACTS AND HISTORY OF PROCEEDINGS

### A.  Charge I([A])

On or about April 4, 1978, respondent,            , agreed to represent [A] in business-related litigation with one [B]. As a result of this agreement [A] terminated her relationship with her previous counsel. (Petition for Discipline para. 8,171). Respondent also agreed to file private criminal charges against [B] on behalf of [A] stemming from the subject matter of the civil litigation. Between April 4, 1978 and May 22, 1978, [A] paid to respondent $1,200 pursuant to a fee arrangement. (Amended Answer of Respondent para., at 230):

Respondent initially filed an entry of appearance and a reply (preliminary objections) to a counterclaim which [B] had filed in the litigation. Respondent then directed [A] to obtain various records and documentation substantiating her claims against [B] and to turn said papers over to him. [A] did so, but respondent failed to take any further action with respect to the litigation.

It was not until the summer of 1979 or 1980, that respondent attempted to file a private criminal action against [B] on behalf of [A]. The action could not be maintained because the statute of limitations had expired.

In September, 1980, [A] requested that respondent prepare a deed transferring ownership of certain properties owned by [A] to her daughter. To facilitate that transaction, [A] gave respondent the origi-

nal deed to the property. Respondent failed to prepare the deed promptly and deliver it to [A].

In or about July, 1980, [A] discharged respondent by telephone from her representation and requested return of all papers held by him. Respondent informed [A] that he had either lost or misplaced a portion of her file and offered to send her an unspecified portion of the file, which she refused to accept. On or about April 30, 1981, [A] sent a letter to respondent again discharging him as her attorney. Respondent received said letter but failed to respond thereto or return [A's] file. [A] engaged new counsel in an effort to obtain return of her documents. [A's] new counsel telephoned respondent regarding the documents and was told by respondent that respondent could not find some of [A's] papers. Respondent promised, however, to contact [A's] new counsel promptly regarding the documentation but failed to do so. Respondent did not return [A's] file or original deed to her until the date of the disciplinary hearing, March 23, 1983.

## B. Charge II ([C])

Respondent also represented Dr. [C] in several matters. Respondent represented [C] with respect to [C's] termination of a previous office lease. Throughout the course of the representation, [C] paid respondent all amounts orally requested by respondent as legal fees.

In 1977, respondent provided financial planning services to Dr. [C], including the preparation of a Will for him, the preparation of a Will for his wife, and creation of a Trust for Dr. [C]. Despite Dr. [C's] repeated requests for copies of these documents, it took respondent three years to give Dr. [C] the copies. Respondent also misrepresented to Dr. [C]

in August of 1980 that he had submitted these documents to [ ] Bank, the Executor under the Wills and Trustee under the Trust Agreement, which submission was necessary to formalize the documentation. In fact, respondent did not so submit the documents to [ ] Bank until November 1980. At that time, the bank requested additional documentation. Again, respondent was extremely dilatory and did not provide the documentation until December, 1981.

Respondent also represented Dr. [C] in a matter involving the incorporation of his medical practice, [D] Medical Associates, Ltd. Respondent prepared pension, profit-sharing, and medical reimbursement plans and prepared an employment contract and other related documents. In 1977, respondent submitted the pension plan to the Internal Revenue Service (IRS) as is prudent. Respondent never received, however, a case number or acknowledgement from IRS with regard to the pension plan although he was fully aware that he should have received some acknowledgement. Additionally, respondent never received approval of the plan from IRS, although he misrepresented to Dr. [C] that he had.

In 1978, respondent agreed to prepare various documentation with respect to the entry of another physician into Dr. [C's] corporation. In this regard, however, respondent failed to file with IRS amended pension and profit-sharing plans although he represented to the parties that he would do so. In June 1979, respondent agreed to prepare a stock purchase agreement with respect to the proposed transaction. Then, in late 1979 and 1980, respondent again neglected his responsibility of providing necessary documentation to his client. Dr. [C's] letter and phone calls requesting documentation were

repeatedly ignored. Dr. [C's] medical associate retained counsel to review these arrangements; he was unable to get documentation from respondent even though respondent misrepresented to Dr. [C] that the documents had been sent and received. Dr. [C's] accountant received the same irresponsible treatment.

By letter dated December 22, 1980, respondent was notified that his services on behalf of Dr. [C] and his corporation were terminated effective immediately and that Dr. [C] would visit respondent's office to pick up the corporate papers held by respondent. Despite Dr. [C] having promptly paid all oral requests made by respondent for legal fees and costs, respondent at that time notified Dr. [C] that he would release said papers only if outstanding bills were paid. Maintaining that all fees were paid, Dr. [C] notified respondent that he would pursue disciplinary action if the papers were not returned. When respondent did not respond to Dr. [C's] request, Dr. [C] filed a complaint with petitioner. After the complaint was filed, respondent told Dr. [C] that he would return the papers only if the complaint was dropped. In August 1981, respondent promised petitioner that he would return the files promptly. He did not do so, however, until the March 23, 1982 disciplinary hearing.

On November 10, 1981, a petition for discipline was filed alleging that petitioner had violated D.R. 1-102(A)(4), (5), (6); D.R. 2-110(A)(2), (B)(4); D.R. 6-101(A)(3); D.R. 7-101(A)(1), (2), (3); and D.R. 9-102(B)(4).

On December 9, 1981, respondent filed an answer to the petition for discipline. On December 15, 1981, it was referred to the hearing committee and a hearing was scheduled for March 2 and 3, 1982. On February 15, 1982, the hearing was rescheduled

until March 23 and 24, 1982 to allow for preparation by counsel for respondent, [          ], Esq. Hearing was held on March 23 and 24, with [          ] appearing for respondent and [          ], Assistant Disciplinary Counsel, appearing for petitioner. At the time, respondent filed an amended answer to the petition for discipline which was considered by the committee with no objection by petitioner.

On February 10, 1983, the hearing committee filed a report recommending a suspension of not less than two months. The parties received notice of the hearing committee report. Neither party filed objections to the report of the hearing committee within the prescribed time. On March 3, 1982, the matter was referred to the Disciplinary Board for adjudication.

The hearing committee found that, with respect to representation of [A], respondent violated D.R. 6-101(A)(3), which deals with neglect of a legal matter entrusted to a lawyer. The committee also found that, with respect to representation of Dr. [C], respondent violated D.R. 1-102(A)(4), dealing with conduct involving dishonesty, fraud, deceit or misrepresentation; D.R. 6-101(A)(3), dealing with neglect of legal matter entrusted to a lawyer; D.R. 7-101(A)(1), dealing with the intentional failure to seek the lawful objectives of a client; and D.R. 9-102(B)(4), dealing with respondent's failure to return to Dr. [C] his documents and papers as requested. The committee also considered respondent's personal and professional problems as mitigating factors.

## II. DISCUSSION

Upon independent review and consideration of this matter, the board determines that a suspension of two years is an appropriate sanction in light of

respondent's repeated negligence and misrepresentations to his clients. Respondent's assertion of an attorney's lien as an excuse for not returning files and his demand that a disciplinary complaint be withdrawn in exchange for the files are further indications of the need for a more therapeutic sanction than that suggested by the hearing committee. The cumulative effect of respondent's conduct represents a contempt for the Code of Professional Responsibility and an insensitivity to his professional obligations to his clients.

Respondent has clearly violated D.R. 6-101(A)(3) by neglecting the [A] and [C] matters entrusted to him. His personal misfortunes cannot mitigate his neglect. He could have advised the complainants of his inability or unwillingness to pursue their matters effectively. Instead, he took on more legal work and always requested and received timely payment of his fees. Respondent also has violated D.R. 1-102(A)(4) by continually misrepresenting to Dr. [C] his handling of the client's affairs, D.R. 7-101(A)(1) by intentionally failing to seek Dr. [C's] legal and lawful objectives and D.R. 9-102(B)(4) by refusing to return Dr. [C's] papers and documents as requested.

### III. RECOMMENDATION

The board respectfully recommends to your honorable court that respondent, [          ], be suspended from the practice of law for a period of two years, and that the costs be paid by respondent.

Mrs. Hammerman dissents and would recommend a two month suspension.

### ORDER

ROBERTS, *C.J.* And now, this May 27, 1983, upon consideration of the recommendation of the

Disciplinary Board dated April 27, 1983, it is hereby ordered that respondent be suspended from the Bar of the Commonwealth for a period of one year, and he shall comply with all the provisions of Rule 217, Pa.R.D.E. It is further ordered that respondent shall pay costs to the Disciplinary Board pursuant to Rule 208(g), Pa.R.D.E.

Mr. Justice Nix did not participate in the consideration or decision of this matter.